IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MAMIE JONES,       ) | |
|         Plaintiff,       ) | |
|                                 ) | |
| v.                             ) | |
|                                 ) | No. 2:23-cv-02743-SHL-atc |
| AMERICARE SYSTEMS, INC.,   ) | |
| d/b/a PARKWAY COVE SENIOR LIVING   ) | |
| BY AMERICARE,       ) | |
|                                 ) | |
|         Defendant.       ) | |

**ORDER DENYING JOINT MOTION TO STAY**

Before the Court is the Parties' Joint Motion to [Stay and] Proceed to Mediation/Arbitration Pursuant to the Parties' Agreement, filed January 2, 2024. (ECF No. 11.) Because the motion conflates arbitration with mediation and because this dispute is still in its infancy with no Court-imposed deadlines staring down the Parties, the motion is **DENIED**.

The Court is pleased to hear that the Parties are confident in their ability to work out this dispute in short order via mediation/arbitration. However, those two forms of alternative dispute resolution ("ADR") are far from identical. While a "Dispute Resolution Agreement" purportedly applies to this case (ECF No. 11 at PageID 33), there is no further detail provided on whether a specific *arbitration* clause is on point that binds the Parties. A litigant cannot be compelled to arbitrate a dispute unless she has validly agreed to do so in a binding contract. GGNSC Louisville St. Matthews LLC v. Badgett, 728 F. App'x 436, 440 (6th Cir. 2018). Thus, before a court orders arbitration, it must determine whether "a valid agreement to arbitrate exists." Id. (quoting Mazera v. Varsity Ford Mgmt. Servs., LLC, 565 F.3d 997, 1001 (6th Cir. 2009)). As it stands, this motion is much too vague for the Court to determine whether the Federal Arbitration Act might be implicated.

If it is mediation that the Parties are after, they would soon find out, or ideally should already know, that parties are in fact *required* to take a swing at mediation within this District. (See ECF No. 3; LR Appendix D.1.)  So, on all fronts, the Parties can and should mediate away.

Nothing is standing in the Parties' way from filing a stipulation of dismissal after completing a successful ADR.  However, as of now, the Defendant is still on the clock for serving a responsive pleading in compliance with Federal Rule of Civil Procedure 12(a).  The motion to stay is **DENIED**.

**IT IS SO ORDERED,** this 2nd day of January, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE