**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| MAMIE JONES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:23-cv-02743-SHL-atc |
| AMERICARE SYSTEMS, INC., | ) | |
| d/b/a PARKWAY COVE SENIOR LIVING | ) | |
| BY AMERICARE, | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART THE PARTIES'**
**AMENDED JOINT MOTION TO STAY AND PROCEED TO MEDIATION AND**
**ARBITRATION BY DISMISSING COMPLAINT WITHOUT PREJUDICE**

Before the Court is the Parties' Amended Joint Motion to Stay and Proceed to Mediation and Binding Arbitration Pursuant to the Parties' Written Dispute Resolution Agreement, filed January 3, 2024.  (ECF No. 17.)  The motion provides sufficient detail of the Parties' Dispute Resolution Agreement to satisfy the Court that the issues involved in this suit are referable to mediation (ECF No. 17-1 at PageID 46), and later binding arbitration if necessary (id. at PageID 47).  Two potential avenues are presented for next steps in this case: a stay or dismissal of the complaint without prejudice.  (ECF No. 17 at PageID 42.)  The Court takes the second, less-traveled path of **DISMISSAL WITHOUT PREJUDICE**.

The Sixth Circuit recently put a finer point on the necessity of granting a stay pursuant to Section 3 of the Federal Arbitration Act in the vast majority of cases that involve arbitral claims.  See Arabian Motors Grp. W.L.L. v. Ford Motor Co., 19 F.4th 938, 941–42 (6th Cir. 2021).  Here, however, the Parties requested either a stay *or* a dismissal without prejudice.  (ECF No. 17 at PageID 42.)  Given that mediation must first occur according to the agreement (potentially followed by binding arbitration) and that both Parties have jointly agreed to the dismissal of this

case, this situation constitutes one of the special exceptions to a mandatory stay that the Sixth Circuit left untouched.  See Arabian Motors, 19 F.4th at 942 ("[A] district court should enter a stay in the normal course in this setting.  But does that mean it always must do so?  We need not decide.  There may be situations in which a dismissal remains permissible . . . [, like] a situation in which both parties request a dismissal.").

The Parties' request to proceed to mediation and (potentially) binding arbitration is **GRANTED**; however, their motion to stay is **DENIED**.  Rather, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.  If Plaintiff seeks to re-open this matter, the filing fee shall be waived.

**IT IS SO ORDERED,** this 5th day of January, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE